SYLVIA LIEBERMAN, Appellant, *v.* CARLTON LAND SALES Co., INC., Respondent.

First Department, November 1, 1929.

*Matthew M. Levy* of counsel [*Jacob Panken* with him on the brief], for the appellant.

*Thomas W. Constable* of counsel, for the respondent.

PROSKAUER, J.   Plaintiff claims the right to rescind a contract for the purchase of real estate because of alleged false representations made by the defendant's salesman that the property sold was the corner of Ca houn and Dewey avenues, whereas the contract described the land as the corner of Quincy and Dewey avenues. The land on Calhoun avenue was concededly more valuable and there were upon Calhoun avenue certain improvements which did not exist on Quincy avenue.   Both plots were part of a large tract in process of development by defendant.   The plaintiff's husband and agent went upon the tract in the company of a salesman of the defendant.   He testifies that the plot at Calhoun avenue was pointed out to him definitely as the plot he was purchasing, that there were no names upon the streets, that indeed most of the streets were not yet cut through, and that when his wife signed the agreement to purchase, they both believed that she was buying the plot at the corner of Calhoun avenue which had been pointed out to him.   This testimony was denied by the salesman.   A sharp issue of fact was thus created.   The court at Special Term gave judgment for the defendant solely upon the ground that the plaintiff had not sustained the burden of proof. There are certain features of the testimony of the salesman, however, which, unexplained, seem to us strongly to corroborate the plaintiff's claim and to cast serious doubt upon the credibility of the defendant's denial of plaintiff's testimony.   In particular it appears that subsequent to the making of the contract the plaintiff desired to resell what she had bought.   To accomplish this purpose her husband consulted the salesman.   Prospective purchasers were taken to the premises and the salesman admits that the property pointed out to them was the Calhoun avenue corner and not the Quincy avenue corner.   To this he added that there was no question in his mind that the property sold to these new purchasers was the same property he sold to Lieberman.   The written memorandum of this resale prepared by this salesman, while it described the land as at Dewey and Quincy avenues, contained the phrase that it was " located next to houses being erected also opposite houses that are being erected across the street."   This phrase was an appropriate description of the land at Calhoun avenue and not of the land at Quincy avenue.   The

attack upon the plaintiff's testimony on the ground that at the time he inspected the property foundations were being laid at the Calhoun avenue corner is greatly weakened by the testimony of the builder, Mr. Ford, that the excavation had not been begun on the day when plaintiff's husband inspected the property.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.